ZALDUONDO v. SÁNCHEZ.

APPEAL from the District Court of Humacao.

No. 289.—Decided April 20, 1909.

CAPACITY OF WITNESSES RELATED TO THE PARTIES.—Although the witnesses be related to the parties it is presumed that they speak the truth and that their testimony is true, until something to show the contrary is brought before the trial court.

CONTRADICTORY EVIDENCE—FINDINGS OF THE TRIAL COURT—PRESUMPTION.—Where there is a substantial conflict in the testimony, the findings of the lower court must be presumed to be correct, unless it be shown that said court was moved by passion, or prejudice, or some other motive.

DAMAGES—LIABILITIES ARISING FROM CRIMES—EXISTENCE OF ACTION—PRIOR LAW.—In accordance with the Civil and Penal Codes in force until the first of July, 1902, there existed a civil action for the restitution of the thing, the reparation of the injury caused, and the compensation for the damages suffered by reason of the punitive act. Both the civil and criminal action could be instituted either jointly or separately, although with the limitation that while the penal action was pending, the civil one could not be exercised until a final judgment had been rendered in the first case.

ID.—LIABILITIES ARISING FROM CRIMES—EXISTENCE OF ACTION—PRESENT LAW.—Section 2 of the Code of Criminal Procedure recognizes the existence of the penal and civil action for criminal acts, which actions must be exercised separately. Therefore, both under the old legislation and the one now in force, when a person is violently assaulted without any justification for such assault, or without any previous provocation, it is evident that such person has a right to establish a civil action for any damages which might be caused to him.

EXEMPLARY DAMAGES—COMMON LAW—ELEMENTS DETERMINING DAMAGES.—The common law apparently recognized as a basis of damages only such concrete matter as loss of time, loss of profits, medical bills, permanent injuries which would decrease the earning power of the injured person, and similar elements.

ID.—THE LAW IN PORTO RICO.—The question of what are exemplary damages and what are otherwise, has never been worked out here, and whether such damages can be recovered here is still pending decision.

DAMAGES—MENTAL SUFFERING—ACTION FOR ASSAULT.—Mental suffering is a recognized element of damages in suits for assault.

The facts are stated in the opinion.

*Mr. Vías Ochoteco* for appellant.

*Mr. Benítez Castaño* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

At the trial of this case in the District Court of Humacao there was evidence tending to show the following facts: That Rafael Zalduondo Velilla, a carpenter by trade, was out walking on the streets of Humacao with his fiancée, Mercedes Lebrón, and her sister, María Lebrón, when the defendant, Máximo Sánchez, approached the group from behind and struck the complainant on the back, and continuing the attack, also struck him on the head. So violent was the attack that one of the girls, who tried to interfere, was struck in the face, and the other, who went along with her, had her hand struck. The instrument employed was one of those wooden bars used to fasten windows, which defendant carried wrapped up in a newspaper.

As a result of this onslaught the complainant, who received two deep wounds, was carried to the emergency hospital (*cuarto de socorro*), and remained unconscious for some five days and was ill in bed under medical treatment for 20 or 25 days afterwards, was unable to work for several months, has had frequent headaches since and suffers from vertigo. These facts are attested to by a number of witnesses, and the physical sufferings and the extent of the wounds also substantiated by the attending physician, Dr. Díaz, whose deposition was introduced in the evidence by the defendant. Dr. Goenaga, who examined the complainant, testified to a frac-

ture of the skull, such fracture being denied by the said Dr. Díaz. The complainant and others also testified to the fact that since the assault, the complainant, who previously was of a mild disposition, had become rather quarrelsome and suffered from a loss of memory, was troubled with buzzing in the ears, and was threatened with amnesia or some other form of insanity. Dr. Goenaga testified that when such injuries are received about the head insanity occasionally results although such opinion is merely conjectural. He did say, however, that the complainant appeared to be suffering from a loss of memory.

The attorney for the appellant maintains that the two witnesses who testified to the mental troubles on the part of the complainant are related to the complainant or stand in such close relation to him as to bias their testimony. But section 21 of the Law of Evidence says:

"A witness is presumed to speak the truth. This presumption, however, may be repelled by the manner in which he testifies, by the character of his testimony, or by evidence affecting his character for truth, honesty, or integrity, or his motives, or by contradictory evidence."

There was one witness for the complainant who was not shown to be related. But aside from this we are bound to follow the presumption laid down by the law that witnesses speak the truth and that the testimony given is true until something to show the contrary is brought before the trial court. We see no indication in the record of the court below having been influenced by passion or prejudice and, therefore, we are bound to infer that it believed the statements of the witnesses who testified in favor of the complainant.

A number of witnesses testified against the facts which the complainant maintains were proved. We have decided however, in a number of instances, that where there is a substantial conflict in the testimony the findings of the lower court must be presumed to be correct in the absence of pas-

sion or prejudice or some other undue motive. (See the case of *De la Cruz v. Hernaiz et al., ante.* p. 175, and cases cited therein.)

The appellant maintains besides that the civil action brought by the complainant does not exist in Porto Rico and that in any event the damages awarded were in the main exemplary or punitive, for which no authorities exist under the statutes or law in force here.

The Penal Code which was in force in this Island until July 1, 1902, provided in section 16 thereof that every person criminally responsible for a crime was likewise civilly liable and in section 119 upon enumerating the matters which may be reached by civil action, mentions the recovery of damages.

In accordance with these legal provisions the aforesaid Law of Criminal Procedure which was in force up to the same date provided in article 100 that from every crime there arises a penal action for the punishment of the guilty person and a civil action may likewise arise for the restitution of the thing, the reparation of the injury caused and the compensation for the damages suffered by reason of the punitive act.

As a rule both the civil and criminal action could be exercised simultaneously in accordance with sections 108 and 650 of the same law; but section 111 recognized the right of instituting said actions either jointly or separately although with the limitation that while the penal action was pending the civil one could not be exercised until a final judgment had been rendered in the first case, always excepting what is provided by sections four, five and six of the same law.

As may be seen the civil action for damages caused by a tortious act was recognized by the Penal Code and the Code of Criminal Procedure which were in force up to July 1, 1902, and that very action was recognized by section 1092 of the Penal Code in connection with sections 1089 and 1902 of the same Code.

In the present condition of the law penal and civil actions resulting from a crime are entirely independent and can never

be brought together. The *fiscal* only can institute a criminal action and the exercise of the corresponding civil action is reserved to the party interested.

The existence of both actions is recognized in section two of the Code of Civil Procedure, which says:

"When the violation of a right admits of both a civil and criminal remedy, the right to prosecute the one is not merged in the other."

Sections 1089, 1092 and 1902 of the old Civil Code have been reenacted in the revised code appearing therein as numbers 1056, 1059 and 1803.

Therefore, in accordance with the old legislation, as well as the one now in force, when a person is violently assaulted, without any justification for such assault or without any previous provocation, it is evident that such person has a right to establish a civil action for any damages which might be caused to him.

We come now to the question of exemplary damages. There have been different authorities as to the nature and origin of such damages. Some of them are set forth in the the seventh volume of the American and English Encyclopedia of Law, on page 451. In some States, it will be seen, exemplary damages were awarded where actual damages were indeterminate. The common law apparently only recognized as a basis of damages such concrete matters as loss of time, loss of profits, medical bills, permanent injuries which would decrease the earning power of the injured person, and similar elements. But this field of the law is virgin ground in Porto Rico.

The question of what is exemplary damages and what is otherwise has never been worked out here. We approach the question from the standpoint of what a man is entitled to who has been injured and is threatened with sufferings and discomfort and privations to which the appellee was subjected by the acts of the appellant.

The fifth clause of the complaint is as follows:

"The plaintiff estimates the damages and loss suffered by him on account of the assault and battery made by the defendant, Sánchez, upon him in the sum of $10,000."

The claiming clause is broad enough to cover the damages awarded in this case and as the recovery does not depend upon the award of exemplary damages there was no need of more specific allegations, as appellant maintains. It is possible that appellant might have obtained a more specific enumeration of the elements of damage by appropriate action in the court below but on the state of the record we do not feel called upon to decide that question.

The court below from the testimony might have inferred that complainant was unconscious for five days, that he was in bed ill for some 20 or 25 days, that he bore deep wounds the scars of which were still to be seen at the time of the trial (for they were examined by Dr. Goenaga), that the complainant suffers from buzzing in his ears, from a loss of memory and other symptoms and is threatened with some form of insanity. How far and how long or at what times the complainant might be affected in his work or in his life as a result of the appellant's acts it is impossible to foretell. It cannot be precisely determined but it may be fixed by the trial court within reason. No mention is made in the testimony of the mental suffering that the complainant might have undergone, which is likewise a recognized element of damages in all suits of this nature. The Supreme Court of the United States has so recognized it in the case of *McIntyre v. Giblin,* 131 U. S., CLXXIV.

Without deciding the question of whether punitive damages are recoverable we think that the trial court did not overestimate the reasonable and probable actual damages sus-

tained by the complainant when it fixed them at $1,000 and the judgment of the trial court must be affirmed.

*Affirmed.*

Acting Chief Justice Hernández and Justice MacLeary concurred.

Mr. Justice Figueras took no part in the decision of this case.